LAW OFFICE OF GREGORY J. PAGANO, P.C.
BY: HENRY GEORGE, ESQUIRE
Attorney I.D. No. 322481
1315 Walnut Street, 12TH Floor
Philadelphia, PA 19107
215-636-0160
hgeorge@paganolaw.net                          Attorney for Plaintiff Pedro Salamo

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRO SALAMO | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | NO: 2:26-CV-5364 |
| vs. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | JURY TRIAL DEMANDED |
| and | : | |
| POLICE OFFICER CHRISTOPHER PISARCZYK | : | |
| And | : | |
| POLICE OFFICER JOHN DOE #1 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #2 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #3 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #4 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #5 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #6 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #7 | : | |
| and | : | |
| POLICE OFFICER JOHN DOE #8 | : | |
| Defendants | : | |

## **COMPLAINT**

### I.    Introduction

1. This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988,

   as well as the Fourth and Fourteenth Amendments to the United States Constitution, and

1

under the Commonwealth of Pennsylvania Constitution as a result of the use of excessive force and failure to intervene by the defendants in Philadelphia, Pennsylvania on or about August 3, 2024.

## II.    Jurisdiction and Venue

2. This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §1331 and 1343.

3. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

## III.    Parties

4. Plaintiff, Pedro Salamo is, at all times relevant to this Complaint, an adult resident of the City of Philadelphia, Pennsylvania and is presently fifty-five (55) years old.

5. Defendant, City of Philadelphia, is a municipal agency organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located at 1515 Arch Street, 14th Floor, Philadelphia, PA 19102.

6. At all relevant times, Defendant City of Philadelphia acted or failed to act by and through its officers, including the individually names officers, then and there acting within the course and scope of their agency, servanthood, and/or employment, under color of state law, and pursuant to the policies, practices and customs of the City of Philadelphia.

7. Defendant City of Philadelphia is the final policymaker for the Philadelphia, Police Department.

8. Defendant Police Officer Christopher Pisarczyk (hereinafter "Pisarczyk") was at all relevant times an officer of the Philadelphia Police Department, who is being sued in his individual capacity.

9. At all times relevant to this Complaint, Defendant Police Officer John Doe #1(hereinafter "Doe #1") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

10. At all times relevant to this Complaint, Defendant Police Officer John Doe #2(hereinafter "Doe #2") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

11. At all times relevant to this Complaint, Defendant Police Officer John Doe #3(hereinafter "Doe #3") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

12. At all times relevant to this Complaint, Defendant Police Officer John Doe #4(hereinafter "Doe #4") was a police officer employed by the City of Philadelphia Police Department

3

and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

13. At all times relevant to this Complaint, Defendant Police Officer John Doe #5(hereinafter "Doe #5") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

14. At all times relevant to this Complaint, Defendant Police Officer John Doe #6(hereinafter "Doe #6") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

15. At all times relevant to this Complaint, Defendant Police Officer John Doe #7(hereinafter "Doe #7") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

4

16. At all times relevant to this Complaint, Defendant Police Officer John Doe #8(hereinafter "Doe #8") was a police officer employed by the City of Philadelphia Police Department and/or a law enforcement agency and acting under color of state law being sued his individual. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

17. At all relevant times, Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 acted in the course and scope of their employment, under color of state law, and pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia, Police Department.

## IV.    Operative Facts

18. On or about August 3, 2024 at or near 1108 W. Master Street in Philadelphia, Pennsylvania, Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8 arrested Plaintiff Pedro Salamo pursuant to an active arrest warrant, and threw Plaintiff to the ground injuring his knees and placed him in handcuffs.

19. The handcuffs were too tight around Plaintiff's wrists, immediately causing Plaintiff pain, and requested they be loosened, which Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8 heard the request but did not loosen the handcuffs.

20. Plaintiff was then driven in a police car to an unknown location and transferred to another police vehicle.

21. During the transfer of Plaintiff, Plaintiff again advised Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8 that the handcuffs were

too tight and requested that they be loosened, which again was not done, despite hearing the Plaintiff's request.

22. While in custody, Plaintiff was taken to Jefferson Hospital, where he was treated for knee pain and wrist pain.

23. While at the hospital, Plaintiff made an additional request that his handcuffs be loosened and another officer at the hospital finally loosened Plaintiff's handcuffs and agreed the handcuffs were too tight.

24. Plaintiff was in excessively tight handcuffs for an extended period of time, causing him injury.

25. By the aforementioned actions, Defendants City of Philadelphia, Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8 violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to be free from the use of excessive force during the course of the arrest of Plaintiff.

26. Defendant City of Philadelphia maintained a policy, practice, or custom of acquiescing to unconstitutional conduct of police officers under their direction and control, including the conduct of Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8, including but not limited to the types of constitutional violations alleged in this complaint.

27. Defendant City of Philadelphia and its Police Department failed to adequately train police officers under their direction and control, including Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8 regarding the requirements of the Fourth Amendment, and specifically *Kopec v. Tate,* 361 F.3d 772 (3rd Cir. 2004).

6

28. Defendant City of Philadelphia failed to adequately discipline police officers under their direction and control, including Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and/or Doe #8, for violating the Fourth Amendment and more specifically, for violating the Fourth Amendment in the ways alleged in this complaint.

29. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered physical injuries, anguish, and distress and may continue to do so for an indefinite time, to his great detriment and loss.

30. As a further direct and proximate result of the above, Plaintiff has incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to his great detriment and loss.

31. As a further direct and proximate result of the above, Plaintiff has or may incur loss of earnings past, present, and/or future, and/or earnings capacity, which may continue for an indefinite period into the future, to his great detriment and loss.

32. As a further direct and proximate result of the above, Plaintiff suffered physical injuries and/or aggravations thereto, including but not limited to: knee pain, wrist pain, numbness and tingling to his wrist and hand.

33. As a further direct and proximate result of the above, Plaintiff has incurred various other expenses, which may continue for an indefinite period into the future, to his great detriment and loss.

### COUNT I – EXCESSIVE FORCE
### PEDRO SALAMO V. OFFICER PISARCZYK DOE #1, DOE #2, DOE #3, DOE #4, DOE #5, DOE #6, DOE #7, AND DOE #8
### PURSUANT TO 42 U.S.C. §1983

34. All preceding paragraphs are incorporated by reference as if fully set forth herein.

35. Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8's use of force against Plaintiff, including but not limited to throwing him to the ground and placing Plaintiff is unnecessarily tight handcuffs, and ignoring his requests they be loosened, were unreasonable given the circumstances.

36. Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8's refusals to remove or loosen the excessively tight handcuffs were unreasonable given the circumstances.

37. Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants reasonable bases to excessively use tight handcuffs and refuse to loosen them.

38. Regardless, Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 unnecessarily handcuffed Plaintiff too tightly, and refused to readjust the handcuffs in such a manner as to cause him injury.

39. Regardless, Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 refused to loosen the handcuffs despite Plaintiff's requests.

40. The above-described acts and failures to act of Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

41. The above-described acts and failures to act of Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 were so malicious, intentional,

8

reckless, and or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

<u>**COUNT II – FAILURE TO INTERVENE**</u>
<u>**PEDRO SALAMO V. OFFICER PISARCZYK DOE #1, DOE #2, DOE #3, DOE #4, DOE #5, DOE #6, DOE #7, AND DOE #8**</u>
<u>**PURSUANT TO 42 U.S.C. §1983**</u>

42. All preceding paragraphs are incorporated by reference as if fully set forth herein.

43. Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 were present while Plaintiff's rights were being violated as described above and had a duty to stop the unconstitutional use of force against Plaintiff.

44. Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 were present for Plaintiff's requests that his handcuffs be loosened and had a duty to stop the ongoing unconstitutional use of force against Plaintiff.

45. Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 knew or had reason to know that Plaintiff's rights under the Fourth and Fourteenth Amendments were being violated and had a realistic and reasonable opportunity to intervene and prevent or mitigate the harms that flowed therefrom during the time Plaintiff was held in excessively tight handcuffs and repeatedly requested that they be loosened because they were causing him pain and injury.

9

46. Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8 maliciously, intentionally, recklessly, or with deliberate indifference failed to intervene and halt the unconstitutional conduct of the other defendants, resulting in Plaintiff sustaining injury and harm.

47. The acts and failures to act of Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8  were so malicious, intentional, reckless, and/or recklessly indifferent, to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants Pisarczyk, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, Doe #6, Doe #7, and Doe #8, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

<u>**COUNT III – MONELL CLAIM**</u>
<u>**PEDRO SALAMO V. CITY OF PHILADELPHIA**</u>
<u>**PURSUANT TO 42 U.S.C. §1983**</u>

48. All preceding paragraphs are incorporated  by reference as if fully set forth herein.

49. Defendant City of Philadelphia is the final policymaker for the City of Philadelphia Police Department.

50. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained inadequate training and policies, practices, and customs for law enforcement officers, including the individually named Defendants, regarding constitutional restraints

on the use of force, specifically the tightness of handcuffs, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation d 42 U.S.C. § 1983.

51. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, of using excessively tight handcuffs when conducting arrests, including the arrest of Plaintiff, specifically the use of excessively tight handcuffs.

52. Plaintiff believes and therefore avers that Defendant City of Philadelphia has systematically failed to discipline law enforcement officers, including the individually named Defendants, for using unconstitutional force in handcuffing and failing to correct subordinate officers on using unconstitutional force in said manner.

53. The failure of Defendant City of Philadelphia to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for the use of force, specifically the tightness of handcuffs, was deliberately indifferent to the unconstitutional rights of its citizens and was the proximate cause of Plaintiff's injuries.

54. The need for Defendant City of Philadelphia to train, supervise, and/or discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom of respecting constitutional limits in the tightness of handcuffs is obvious.

55. Said training and policy, custom, and/or practice, or lack thereof, violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of the

11

Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

56. Plaintiff believes and therefore avers that Defendant City of Philadelphia was aware of the aforementioned lack of training, policies, practices, and/or customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, in using excessively tight handcuffs and refusing to loosen them, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff, with regard to the constitutional limits in handcuffing.

57. Plaintiff believes and therefore avers that Defendant City of Philadelphia knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officials of the City of Philadelphia Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

   a. Failure to provide adequate training, supervision, and discipline to officers regarding use of excessively tight handcuffs;

   b. Failure to provide adequate training, supervision and discipline to officers regarding properly handcuffing citizens;

   c. Failure to provide adequate training and discipline to officers regarding how to properly handcuff persons while detaining them;

12

d.  Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons who are being handcuffed;

e.  Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

f.  Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department;

g.  Failure to prevent Plaintiff from being injured and violating Plaintiff's Constitutional rights by members of the Philadelphia Police Department where Defendants knew or should have known of the dangerous propensities of said members and the systematic problem of police abuses in the departments;

h.  Failure to restrain the use of excessive force by way of excessively tight handcuffs by members of law enforcement agencies;

i.  Failure to properly test, train, and/or select its officers with regards to proper use of force with regards to the tightness of handcuffs and legal obligation to loosen them so as not to inflict unnecessary pain and injury; and

j.  Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

58. The deliberate indifference of the aforementioned training, policies, practices, and/or customs or lack thereof, was the proximate cause of Plaintiff's injuries and losses and in violation of his constitutional rights.

59. By failing to take action to stop or limit the policy and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy Defendant City of Philadelphia condoned, acquiesced in, participated in, and perpetrated the policy in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and in violation of 42 U.S.C. § 1983.

60. The plaintiff believes and therefore avers, that the Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy consisting of an inadequate system of review of claims of excessively tight handcuffs, more closely supervise or retrain officers who, in fact, improperly used force.

61. Upon information and belief, the systematic deficiencies include but are not limited to:

   a. The preparation of investigative reports assigned to vindicate officers who use excessively tight handcuffs, and the use of force, regardless of whether such actions were justified;

   b. The preparation of investigative reports which rely solely on the word of Philadelphia Police Officers involved in the incidents and which systematically fail to credit the testimony and statements of non-officer witnesses;

   c. The preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved; and

   d. Failing to review the investigative reports by responsible superior officers for accuracy of completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence.

14

62. The aforementioned policy, practice, custom, and/or lack of training related to lack of reasonable investigation and use of excessive force by way of overly tight handcuffs is show by past incidents involving the City of Philadelphia and shows a policy, practice and/or custom and a need for training, including but not limited to:

   a. Michael Lemar. V. City of Philadelphia, et al., 2:14-cv-07102(E.D. Pa.), in which, on February 13, 2013, Philadelphia police officers put excessively tight handcuffs on the plaintiff while conducting a search of his person, causing scarring.

   b. Khaled Abu Mounshar v. City of Philadelphia, et al., 2:!5-cv-04168 (E.D. Pa), in which on September 27, 2014, Philadelphia police officers placed the plaintiff in excessively tight handcuffs for approximately twenty (20) minutes during a traffic stop.

   c. Ricky Lowe, et al. v. City of Philadelphia, et al., 2:18-cv-00223 (E.D. Pa.), in which, on October 27, 2014, Philadelphia police put the two plaintiffs in excessively tight handcuffs and beat them before bringing charges that were later withdrawn by the prosecution.

   d. Evelyce Mungia v. City of Philadelphia, et al., 2:18-cv-02634 (E.D. Pa.), in which, on February 10, 2018, Philadelphia police, in concert with Bensalem police, entered the plaintiff's home, and put her in excessively tight handcuffs.

   e. Jonathan Williams v. City of Philadelphia, et al., 2:24-cv-03068 (E.D. Pa.) in which, on July 15, 2022, Philadelphia police officers put the plaintiff in excessively tight handcuffs for approximately thirty (30) minutes, causing scarring and injury.

f.  Anthony Frazier v. City of Philadelphia, et al., 2:25-cv-01692 (E.D. Pa.) in which, on April 22, 2023, Philadelphia police officers put the plaintiff in excessively tight handcuffs causing injuries requiring surgery.

63. The foregoing acts, omission, and systematic deficiencies are policies, practices and customs of Defendant City of Philadelphia, and as such caused the individual defendants to be unaware of the rules and laws governing the constitutional limits on the tightness of handcuffs, all with the procedural result that officers are more likely to place individuals in unnecessarily tight handcuffs in situation where such conduct is neither necessary, reasonable, nor legal.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendant City of Philadelphia in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

/s/ Henry George, Esquire
Henry George, Esquire
Attorney for Plaintiff

16